# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

In Re:

**REBECCA CHERI CANTU**
**and ALEJANDRO CANTU,**

**Debtors.**

**Bankruptcy Case**
**No. 14-40254-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Paul Ross, Paul, Idaho, Attorney for Debtors.

Brett R. Cahoon, RACINE, OLSEN, NYE, BUDGE & BAILEY, CHTD, Pocatello, Idaho, Attorney for chapter 7 trustee Gary L. Rainsdon.

### *Introduction*

Chapter 7[1] trustee Gary L. Rainsdon ("Trustee") objected to the claim of exemption filed by Debtors Rebecca Cherie Cantu and Alejandro

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 1

Cantu ("Debtors"). Dkt. No. 38. Debtors opposed the objection, the Court heard oral argument on June 23, 2014, and thereafter took the issues under advisement. Dkt. Nos. 39-41. After consideration of the record, briefs, oral arguments, and applicable law, this Memorandum contains the Court's findings, conclusions, and decision concerning this matter. Rules 7052; 9014.

*Facts*

Debtors filed a chapter 7 bankruptcy petition on March 20, 2014. Dkt. No. 1. Their Statement of Financial Affairs indicated that at that time, there were numerous legal actions pending against Debtors, individually or jointly, including some which had resulted in the entry of money judgments against them. Apparently,[2] creditors Bonneville Billing and Collections ("Bonneville") and NCO Financial ("NCO") garnished Debtors' wages beginning in September 2013, and continuing through the date the bankruptcy petition was filed. Bonneville garnished $565.13 in

---

[2] The record is sparse, requiring the Court to attempt to glean many of the pertinent facts from Debtors' bankruptcy filings.

MEMORANDUM OF DECISION – 2

2013 and $354.67 in 2014, while NCO garnished $791.98 in 2013, and $830.38 in 2014. *Id*. Garnishments of Debtors' March 2014 paychecks occurred, but the amounts were not included in Debtors' schedules. *Id*.

On their amended schedule B, Debtors listed as an item of personal property $1,536.93, the description for which was "Garnishment by NCO and Bonneville from 20 December through date of filing." Dkt. No. 30. In turn, they claimed an exemption on schedule C in the garnished funds in the amount of $1,500, pursuant to Idaho Code § 11-605(12). *Id*.

On June 6, 2014, Trustee filed an objection to Debtors' claim of exemption as to the garnished funds, Dkt. No. 38; Debtors filed a response to the objection on June 16, 2014, Dkt. No. 39.

*Analysis and Disposition*

At first blush, the resolution of this dispute may seem premature. After all, at this point, neither Trustee nor Debtors are in possession of the funds garnished from Debtors' wages before their bankruptcy case was filed. However, Trustee and Debtors both credibly suggest that they will be able to recover some of the funds garnished from Debtors' wages

MEMORANDUM OF DECISION – 3

shortly before bankruptcy as avoidable preferences.[3] Debtors therefore claimed the garnished funds exempt under Idaho Code § 11-605(12). In response, as he must,[4] Trustee objected to Debtors' exemption claim. Since a determination of whether the garnished funds are exempt will effectively decide whether Trustee or Debtors are entitled to pursue avoidance of the transfers, the Court deems the dispute ripe for resolution.     Concerning the merits of the dispute, at the hearing, Trustee argued that Debtors are not entitled to the exemption under § 522(g), and that the funds are not exempt under the statute relied upon by Debtors, Idaho Code § 11-605(12). Debtors disagree.

### A. General Exemption Law

---

[3] Although there are exceptions, generally speaking, a trustee may avoid and recover for the benefit of all creditors the transfer of a debtor's property to a specific creditor which occurs during the 90-day window preceding the filing of the debtor's bankruptcy case. §§ 547(b), 550(a). If the transfer involved exempt property, such that the trustee has no reason to avoid the transfer, the debtor may exercise that avoiding power. § 522(h).

[4] A trustee must promptly object to any claim of exemption by a debtor. *See* Rule 4003(b) (requiring, with exceptions not applicable here, that objections to exemptions be filed within 30 days after the § 341(a) meeting); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992) (holding that failure to timely object constitutes a waiver of the right to contest the debtor's exemption claim).

MEMORANDUM OF DECISION – 4

When a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate and available for distribution to creditors. § 541(a)(1). However, § 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and to thereby protect it from administration by a chapter 7 trustee. Because Idaho has "opted out" of the Code's exemption scheme, debtors in this state may claim only those exemptions allowable under Idaho law, as well as those listed in § 522(b)(3). Idaho Code § 11-609; § 522(b)(3).

As the objecting party, Trustee bears the burden of proving that Debtors' claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999); *In re Cerchione*, 398 B.R. 699, 703 (Bankr. D. Idaho 2009). If the trustee offers sufficient evidence to rebut the prima facie validity of the exemption, the burden shifts to Debtors to demonstrate that the claimed exemption is proper. *In re Lawrence*, 03.3 IBCR 165, 166 (Bankr. D. Idaho 2003) (citing *In re Nielsen*, 97.4 IBCR 107, 107 (Bankr. D. Idaho 1997)). Exemption statutes are to be

MEMORANDUM OF DECISION – 5

liberally construed in favor of the debtor. *In re Halinga,* 13.4 IBCR 101, 103 (Bankr. D. Idaho 2013); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)).

**B.     Idaho Code § 11-605(12)**

Debtors claim the garnished funds as exempt under Idaho Code § 11-605(12).  That section provides:

> An individual is entitled to an exemption for his disposable earnings as defined in subsection 2. of section 11-206, Idaho Code, wages, salaries, and compensation for personal services rendered, to the extent such earnings, wages, salaries, and compensation have been earned but have not been paid to the individual, not to exceed one thousand five hundred dollars ($1,500) in a calendar year.  This exemption shall not affect the application or operation of the garnishment restrictions set forth in section 11-207, Idaho Code.

Subparagraph (12) of Idaho Code § 11-605 was adopted by the Idaho Legislature in 2010, and the Court has located no case or decision in which this statute is mentioned, let alone interpreted and applied.

Giving the statute its plain meaning, the Court concludes that in order to exempt wages under Idaho Code § 11-605(12), a debtor must show:  the funds are disposable earnings as defined in Idaho Code § 11-

MEMORANDUM OF DECISION – 6

206, or in other words, that they are wages, salaries, or compensation for personal services rendered; they must have been earned by the debtor; and they have not yet been paid to the debtor.

In this case, the parties do not dispute that the garnished funds were Debtors' wages that were earned. Thus, the only issue is whether, in light of the garnishment, the wages "had not yet been paid" to Debtors for purposes of the exemption statute. The Court concludes that the garnished funds were effectively paid to Debtors, and as a result, are not exempt under Idaho Code 11-605(12).

From the perspective of Debtors' employers, the garnished wages have certainly been paid. The full amount subject to garnishment owed by the employer to Debtors (presumably after making appropriate withholdings) has been transferred from the employer, either directly to Debtors, or at least, on Debtors' account, to the judgment creditor via the sheriff. Indeed, the portion of Debtors' wages not subject to garnishment was paid by the employers and received by Debtors in the normal course.

Debtors insist because they have not received them, that the

MEMORANDUM OF DECISION – 7

garnished wages have not been paid, and they are entitled to exempt them. However, had the employers not honored the garnishment orders, and paid those funds instead to Debtors, the employers would have been liable to the garnishor. Idaho Code § 8-508. Moreover, when a garnishee is the judgment debtor's employer, the garnishment order constitutes:

> a continuing garnishment directing the employer-garnishee to pay to the sheriff such future moneys coming due to the judgment debtor as may come due to said judgment debtor as a result of the judgment debtor's employment. This continuing garnishment shall continue in force and effect until the judgment is satisfied.

Idaho Code § 8-509(b).[5]

If the Court were to read Idaho Code § 11-605(12) as Debtors do, the exemption statute would be at odds with the garnishment statute, in that the same wages would be treated simultaneously both as paid and unpaid. Note that the text of Idaho Code § 8-509(b) directs the employer-garnishee to "pay" the moneys coming due to the judgment debtor, i.e. earned

---

[5] Under Idaho Code § 8-519, Debtors could have asserted an exemption claim as to the garnished wages in state court, but there is no evidence that Debtors ever raised the issue until they reached bankruptcy court.

MEMORANDUM OF DECISION – 8

wages, to the sheriff for the benefit of the creditor.  Hence, standing in the shoes of Debtors' employers, Debtors' wages have been paid.

From the employee's vantage, the funds have likewise been paid to Debtors.  In a garnishment situation, Debtors receive a benefit from the garnishment, even if those funds remain out of their grasp, as the garnished sums are applied to reduce their judgment debt to their creditors.  Additionally, Debtors' construction of the statute would essentially force employers to pay the garnished sums twice – once to the sheriff, and then potentially again to Debtors following their claim of exemption.  The Idaho Legislature could not have intended to penalize employers and to provide a windfall for employees in designing the garnishment process.  It would be incongruous for the Court to now conclude the earned wages have not been paid simply because they have not come directly into Debtors' possession.

Moreover, in today's world, getting "paid" rarely means that an employee receive cash, or even a check, from the employer.  Often, earnings are direct-deposited into accounts belonging to an employee, or

MEMORANDUM OF DECISION – 9

to others for the employee's benefit. Under Debtors' interpretive approach, payments which do not make their way directly into Debtors' account could conceivably be subject to exemption under Idaho Code § 11-605(12). This cannot be what the Idaho Legislature intended in adopting this exemption statute.

On the other hand, the Court acknowledges the Idaho Legislature utilized the phrase "have been earned but have not been paid *to the individual*," as opposed to something akin to "for the benefit of" the individual. However, while exemption statutes are to be construed liberally in favor of the debtor, the statutory language should not be "tortured" in the guise of liberal construction. *In re Collins*, 97.3 I.B.C.R. 78, 79 (Bankr. D. Idaho 1997). It simply defies logic in this case to treat the garnished wages as both paid (for purposes of the garnishment statute) and unpaid (for purposes of the exemption statute) at the same time. Furthermore, Idaho Code § 11-605(12) specifically provides that the exemption at issue "shall not affect the application or operation of the garnishment restrictions set forth in section 11-207, Idaho Code."

MEMORANDUM OF DECISION – 10

While the use of the phrase "paid to the individual" in Idaho Code § 11-605(12) is arguably ambiguous, the Court prefers to read the statute in context. *State v. Olson*, 138 Idaho 438, 440, 64 P.3d 967, 969 (Idaho Ct. App. 2003) ("A statute is to be construed as a whole without separating one provision from another."); *Bastian v. City of Twin Falls*, 104 Idaho 307, 310-11, 658 P.2d 978, 981-82 (Idaho Ct. App. 1983) ("The particular words of a statute should be read in context; and the statute as a whole should be construed, if possible, to give meaning to all its parts in light of the legislative intent."). Doing so, the Court concludes that the garnished wages in this case are not exempt under Idaho Code § 11-605(12) because they are not "unpaid".

## *Conclusion*

Because the wages at issue are not unpaid within the meaning of the Idaho Code, Debtors may not exempt them under Idaho Code § 11-605(12). Trustee's objection to the claim of exemption will be sustained, and Debtors' claim of exemption will be disallowed.

MEMORANDUM OF DECISION – 11

A separate order will be entered.[6]

Dated: August 26, 2014

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[6] Because the garnished funds are not exempt, the Court need not consider Trustee's alternative argument under § 522(g) that the funds may not be exempted.

MEMORANDUM OF DECISION – 12